All right, the next case on the docket is People of the State of Illinois v. Robert Romanik, clause number 5-12-0213. The state is the appellant, and Mr. Daley, you may proceed. Thank you, Your Honor. May it please the Court, Justice Keene. Illinois Code of Criminal Procedure and existing case law allows two circumstances for a pretrial dismissal of a charge. One is whether a charge strictly conforms to the pleading requirements under 725 ILCS 5-111-3. There is a second, judicially carved manner or procedure by which a charge can be dismissed, and that's a very rarely invoked and rarely followed exception, but it is one where the manifested justice would dictate that dismissal is appropriate, and that's usually seen in cases where the state destroys exculpatory evidence, things of that nature. Obviously, that circumstance doesn't apply in this case. So the question then that came before the Court for the defendant's motion to dismiss the charge, and it was the motion itself appeared to be properly framed in that respect, was whether the charge properly stated in defense of criminal trespass to property. There was also a charge of disorderly conduct that was dismissed in this case. We haven't challenged that. I believe that that was properly dismissed based on existing case law. So the appeal in this case strictly concerns the charge of criminal trespass to property. Now, everything is going okay up to that point, and so we come to the trial court, and the defendant comes in and says almost right off the bat, Your Honor, I want you to visualize the location of this offense. And then he begins to talk about the factual circumstances and introduces photographs and produces certified copies of plans and warranty deeds, all of which to infer the several arguments that he made, including whether in his basis that he provided court for dismissal being whether this actually occurred in a public area, whether it was ever prior notice, whether the defendant was ever told to not remain on the property, whether the land, in fact, actually belonged to Aaron Kern as an owner, and whether a driveway was part of the protected land for the criminal trespass statute. And Mr. Danza, then your assistant state's attorney stipulated to all that. No, I didn't stipulate to all that. Stipulated to the deeds. What happened, Your Honor, is after the prosecutor, after several occasions, insisted to the court that the proper procedure was to look at the charge and determine whether the charge stated offense on its face, it did in response to the defendant's statements and to the court's inquiries to rebut this insinuation that Aaron Kern could not be considered an owner under Illinois law, that that was something that the state could prove at trial. Let me talk about that for a moment. I guess I'm confused. Is it the state's position that if you have a ticket and it clearly says, Mickey Mouse told me to get off the property, and you know that can't be true, that the court should still allow the charge to proceed as long as it's worded correctly? That's correct, Your Honor. That's your position. That is the position of every court that's ever addressed that issue. And that's true even though you can replete this. I mean, what's preventing the state from just refiling? I mean, why are we here? Well, we're here because the court dismissed the charge improperly, and the state's not required to submit to the trial court's admonition that you can refile, even though that's certainly true what you're saying. And second of all, I believe underlying law, this is the state's belief that the charge is correct. But whether the state believes the charge is correct, whether the state believes it can prove it, or whether the defendant believes it, or whether the judge believes that the state can prove it, is all immaterial to the question of whether or not the charge meets the charging requirements under Section 111-3. Your Honor states Mickey Mouse is someone who told me to get off the property. I agree that using that sort of odd kind of nomenclature for someone to get notice raises questions. But the state's ability to prove a charge, as opposed to whether it states an offense at all, are two completely distinct concepts. Okay? Let me give, for example, the disorderly conduct charge that was dismissed as sort of a contrary charge. In that case, the defendant was charged on his face of this charging issue with, I believe, something akin to yelling at Aaron Kern or something like that. Justice King can confirm that one way or the other. Those facts contained therein, disorderly conduct charges carry certain additional charging elements because you have to plead a certain degree of specificity, do not in and of themselves, a lot of words don't constitute disorderly conduct. So the charge itself did not state an offense because the facts alleged therein did not meet the elements of the offense of disorderly conduct. In this case, the state pled all the elements. The state alleged the owner. The state alleged the site, the date, the charging statute, everything that the state charge needs to state in order to put a defendant on notice of whether this is a defendant. If the state proved everything that was contained in that charge, then it's a reasonable assumption the state would have the opportunity of proving beyond reasonable doubt the criminal offense. So in order to get to the question, whether the state stipulated anything or not, and I would hasten to add that we only got to that point because the court, at the defendant's invitation, started this whole inappropriate process of a pretrial trial. Well, it's unusual for the case to come up in this state because usually if the defendant doesn't think the state can prove an offense, they wait until jeopardy attaches before pointing it out. That's why we have trials. We have a pretrial trial to decide whether the charge itself states an offense, and then we have a trial to see if the state can prove the offense. If the state's going to be able to prove that Mickey Mouse gave so-and-so, and if they do, then the defendant's acquitted, and that's the end of the case. And that's really the nub of the matter, is that this charge and this court exercise of de novo review stated an offense. And the inquiry should go, if you're not going to go any further than that, they cite case law, which says that even if a judge thinks that the state can't prove the offense, that's still not an appropriate inquiry or proper basis for a judge to dismiss a charge at the pretrial stage. Now, with regards to the prosecutor's stipulation, and I'm going to assume, but I will not obviously acknowledge because I think it's wrong, that the prosecutor's stipulation somehow diminished the state's ability to prove this charge. The fact of the matter is that in order for this court to give weight or credence or significance to that particular action of the prosecutor, would essentially be asking this court to step into the shoes of the trial court and engage in the same improper procedure that the trial court did. This case should never have gotten to that point. And for the defendant to come here and say, look what the state stipulated to, is, I guess, in a way a species of harmless error. But the harmless error, regardless of whether or not the prosecutor's statements would diminish or prohibit the state from eventually obtaining a conviction, is to essentially utilize the very error that occurred in this case to exploit a favorable result for the defendant. In other words, if we allow the defendant to secure an affirmance in this situation, then we've sort of swallowed the whole rule on the whole, that you're not allowed to get into this in the first place. In other words, that court shouldn't have done that. But since it did it and it got to this improper result, the improper result justified the improper procedure. And that's just not how harmless error or any kind of error works. It is a strict duty and a strict prohibition that's imposed upon courts and what they're allowed to consider at the pretrial stage. Now, the defendant is going to argue that the state knew it had a false charge. And the word false is liberally woven into the defendant's argument. The defendant doesn't deny that the procedure was improper and that the court should not have undertaken a factual review. But since we've come to the conclusion that the charge is false or based upon a false allegation, that I guess in the interest of justice this court should go ahead and affirm two responses to that. The first, and I think the only really germane response, is that whether it's false, whether it's true, whether it's anything, it doesn't matter as long as the charge on its face states the offense. If the defendant believes the state's committing some sort of misconduct, well, you've got a trial. You've got the Attorney Registration and Disciplinary Commission. You've got lots of things, but what you don't have, and you don't have any statutory or case law authority for, is to say, gee, this is just not right and we should go ahead and affirm something we should have never gotten to in the first place. Second of all, and I've laid it out in the reply brief, I don't think that the state made any false accusations anyway. It provided a legitimate, again, I preface this by saying this is not anything this court should even get to. But since it's brought up, I'm going to mention it anyway. The state did provide its belief why the named owner could be considered an owner, discussed the criminal trespass statute. There's also a definition of owner that appears in the article regarding property offenses, which suggests that ownership is or can be defined by a superior possessor interest. I also cite a case which said that it's not right to define owner strictly in terms of title and that there could be many different circumstances in which ownership could be established in a criminal trespass property statute. And in that case it dealt with whether or not there was an agency relationship, in other words, someone was acting on behalf of the owner. Mr. Daly, let me interrupt you. Sure. It seems to be your position that at this stage of the proceedings no facts can be introduced. Correct. That's not what the statute says. In fact, the statute says that if facts are raised in the record, that the state would have an opportunity to file an answer. In lieu of an answer, it seems to me that what happened here is your assistant stipulated to the facts and the statute goes on to say that a hearing can be held. Your Honor, can you give me the location citation? Yes. It's 114-1, which I think is the one you're talking about. And it's subsection D and C. So it seems to say that basically a defendant can raise a fact, you would have the opportunity to answer that fact, and once you've got that opportunity, of course, the court could hold a hearing. Well, Judge, I haven't seen this provision before. It's in the same one that you've cited. Well, and every case law says exactly that you can't consider facts at the pre-trial stage. But you agree that that's a process that's set out under the motion to dismiss. Well, I would have to do some research on that to see what the application of that particular provision in the statute is, because that's not my decision. If you read it as it's read, that the facts can be introduced, and you have a state's attorney assistant stipulating to the fact, would you say, at least agree, maybe you can, that the court can hold a hearing on the motion to dismiss? Okay. Well, let's, subsection D says the same thing. You're catching me a little off-guard. Sorry. No, that's good. That's good. When an issue of fact is presented by a motion to dismiss, and the answer of the state, the court shall conduct a hearing and determine the issue. Well, look at the one before that. Determine the issue. We're given the opportunity. Subsection C. Well, there are multiple other grounds for dismissal that would require facts. That's what I'm getting to, Your Honor. I don't believe that that defines the parameters in this particular situation. There are multiple grounds that are listed in subsection A, which allow for dismissal of the charge. They have nothing to do with the sufficiency of the charge itself. But what I'm trying to get to is at some point, such as a statute of limitations is done, facts can be introduced to the court, which would allow the court then to make a determination on the charge. You're taking the position that that can't be true is what I'm asking. Well, statute of limitations issues are sometimes dealt with differently than elements of proof. No, but I'm just talking about facts. Okay. But I heard you take the position that you don't introduce facts. You cannot introduce facts, nor can the court consider facts. You're limiting your argument, though, to an allegation, as in this case, that the charge does not state an offense. Yes. To interpret subsection D as is discussed here, and I'm not going to hold anyone to advocacy one way or the other, would essentially say, in a paraphrase, in a nutshell, it's okay if they have a trial before a trial if the defendant raises it and the state answers it. I mean, if the allegation to dismiss was that the county is an improper place of trial or the defendant has received immunity, then you might have a jury to prove that he did receive immunity or whatever. That's correct. But those are different grounds for dismissal. But those are facts that would be introduced. Then subsection D upends about 30 years of case law. I can't put my hand up bluntly on that. That's not the state of the law. I'm just asking. I know. I've never actually seen it before, nor have I seen it raised, so it's an interesting question. But I think that my response would be that I understand that the wording is such that it contemplates raising facts, but I think that that has to be contextualized with the circumstances where facts are appropriate and necessary to support the motion to dismiss. Remember, the motion to dismiss in this case initially came before the court as a motion to dismiss on the basis of the charge of non-statement of defense. And that is the understanding of what the court could consider, whether it's state's defense or not, for a pretrial dismissal. I think you can see that if you start getting into raising issues before trial, you start getting into non-trial trials with no witnesses sworn. Is there double jeopardy? Probably not. Obviously, no witnesses are sworn, no juries are paneled. So I would ask this court to raise a very good question. I've never seen that before. But I would submit that that particular provision needs to be delimited in the scope to those circumstances where facts are appropriate and necessary to raise the motion to dismiss. In this case, we know from case law that it is inappropriate for the court to consider facts prior to trial, and that it's only the charge itself that forms the basis for the judge to decide whether to grant the motion to dismiss. I think I've covered everything I'm going to. Okay, court, do you have any further questions for me? Thank you. Thank you. Thank you. May it please the court, Mr. Daly, I'm here representing Robert Romatic, the defendant in this case. Good morning, Your Honor. Good morning. I'd like to ask your indulgence to give me the opportunity to address some of the arguments that were made in the reply brief that I've never had a chance to respond to. Some of the things Mr. Daly states I would readily agree with, but there are many things in the reply brief that need to be answered. The first is the statement that the defendant refuses to acknowledge the definition of honor in 15.2 of Chapter 720. We actually have never been asked to acknowledge that. It's never been raised until the last paragraph of the reply brief, but having had it raised, let me point out to you that it is totally inapplicable to this case or to criminal trespass property. It deals with those Part C, Title III offenses that deal with the element of exerting unauthorized control over the property of another, theft, theft by deception. You can look at the statute and you can look at the annotations and you will see clearly what I mean. Another particular point, and the reason I'm going into this, is that if Aaron Kern, by being named the owner, could still be qualified to be the owner under these statutes, then we're done. And the state seems to think there wasn't a false allegation because these statutes apply. And in the reply brief, he argues that it made a powerful argument that the assistant state's attorney was correct that Subsection H of 21-3 should be unified and harmonized with 21-3A, and that you should apply that Latin rule of interpretation in this case to make what the prosecutor said correct, that the definition of owner under Subsection H of 21-3 should be applied to 21-A. But then again, that flies in the face of the cardinal rule of interpretation of statutes, the plain language. We don't need to use Latin concepts here. All we have to do is read, for purposes of Subsection H, owner shall mean someone in possession, an owner, that's a unique thing to put in there, a tenant and an operator. Now, I'm sure the legislature could have said if they wanted to, for purposes of Subsection A and Subsection H, owner shall mean, but they didn't. I will submit to you, all that being said, you know, the state has steadfastly, they're here in the appellate court insisting on keeping this charge the way it is. I mean, don't you hope that they do keep the charge the way it is and go to trial on it? Well, actually, I thought it was the idea of putting the handle on Mr. Daley that I will sit down if he will acknowledge that they'll never amend this charge and give it back. I mean, you understand my point. And you made an excellent point with regard that this isn't going to open up a floodgate to look at the due process problems this court faced at the time of the stipulations. There are going to be a floodgate of trials before trials. We're not going to all of a sudden in Illinois have summary judgments in criminal cases because there's only one Paul Steinman that practices criminal defense laws. And there is absolutely no other attorney that practices criminal law that would want to knock out a charge that's bad before jeopardy. Right. So I don't think it's going to shake the world to affirm what Judge Babcock did in this case. It was essentially summary judgment. What's that? It essentially was like a summary judgment. Yeah. No, it's not a summary. The procedure was not. I mean, you agree that it's an improper procedure. Yeah, and I don't think, but see, the state says, well, we should have never gotten that far to the estate stipulating to this. The judge should have shut it down. You've all been trial judges. Well, Justice Welch has. But, you know, if someone comes in and they start arguing the case, you let them argue. I don't know what Judge Babcock would have done if the state had not said, Judge, we'll stipulate to those deeds and those plaques, and we'll agree it won't be an error, meaning go ahead and consider them, because we're going to argue she's not the owner. Look at subsection H. Well, let me ask a question. The assistant state attorney said that after she had taken the position that you shouldn't be considering any of this at all, right? And she should have stood her ground. Well, but then she said, even if all that's true, it doesn't change that the face of the complaint is valid. It alleges an offense. Yes, but at that point in time, what Judge Babcock faced was uniquely different than had she stood her ground on the validity of the charge. Because once she stipulated to the deeds and said, we'll agree to the error, she's inviting him to consider. And when he looked, this is what they told him, that Mark Kern was the title owner of the parking lot that the defendant was standing in, and that Mark Kern had leased that parking lot to Robert Sprague, who used it as a parking lot for visitors who had business with him, which was precisely why Romantic was there to serve papers on Robert Sprague. So what the judge had at that point, or what it taught him at that point, was, well, let me think about this now. Ms. Constance, and by the way, by using the word false charge, which it is a false charge, I could use inaccurate, it would be better for the state. Maybe we could use false. It was a false charge. But no matter what we say about it, I'm not saying it was misconduct. I don't think the Belleville police, when they wrote this charge, were intentionally trying to issue a false charge, or that Julie Constance, when she made the arguments, she's a nice girl, she had good faith in what she was arguing, she was trying to argue the right thing, and then she said stipulate to us. Now the judge is looking at a situation where, well, let's see subsection H, if she is right about subsection H, which she is not right about subsection H. Well, is Aaron Kern a possessor of this parking lot? No. Well, no. Bob Sprague is. Is she a tenant of it? No. Bob Sprague is. Is she an owner of it? No. Her husband is. Is she operating some kind of farm business on this parking lot? No. What is she? And the state says in their reply that the defendant does not deny that Aaron Kern, as the wife of Mark Kern, has a superior interest in this property to the defendant. Nobody ever asked us, there's nothing in the record where anyone was asked, do you deny that she's got a superior interest as being his wife? But now that it's raised, I deny it now. She has no interest in that property at all. And she has to have a status with regard to that property under 21-3 in order to impose criminal liability by asking someone to leave it. You know, Romantic didn't exercise unauthorized control over that parking lot. 15-2 doesn't apply to this offense. They're just, it is undeniable correct for this court to conclude that Aaron Kern, as the owner, did not have the status, because she was not the owner, to ask Romantic to leave the parking lot that he parked in to visit Sprague's office. Now, what is the theory of the defense about? What basis do you have to sustain this charge? And I say there's inherent powers in the court to do the right thing. And you wouldn't be compounding the wrong thing. You would be affirming the right thing under the circumstances, because all that Judge Baffitt did was, you know what, she's not an owner. Under any set of definitions, she's not an owner, and that's what she's charged with. And if you go to trial, the case will be directed out. What he said was, I'm going to dismiss this with least to amend. I'm going to give you the opportunity to reinstate. There's no prejudice here. Go ahead and work this out. Maybe you want to allege that she's the occupant of the property, because that wouldn't work either when we know what the deed said. So the real question is, why are we here? What is this court being asked to do, to send this back, to try this case on this? The state could have amended it the next day. They could amend it tomorrow. They could amend it after you affirmed what Judge Baffitt did. But I don't think Judge Baffitt deserves any slap in the face for what he did. He was being more than accommodating. And true, perhaps what judges need to do is shut down things, but then maybe they won't find out the truth. If Judge Baffitt said, Mr. Starman, save that for the trial. Tell me why this charge isn't a charge. Okay, let's go on. I've got other business. That's what he should have done, though, right? No doubt. But judges don't sometimes do that. And that doesn't mean they've committed error when, during the course of it, the state who's supporting this charge says, I argue she's not the owner. There you are, Judge. She's not the owner, but you've got to look at subsection H. That shows you that we've charged her correctly as the owner. I mean, look at that. She's not the owner. I mean, the state has to be careful if they take positions like this, because, see, it does give a defendant a second chance in an argument. I got an argument. If she hadn't done that, there's no argument up here. We would have confessed this. It all rests upon what Bapka – why did he dismiss this charge? Why did he dismiss it? Because it failed to state an offense? He dismissed it because when she said, go ahead and consider this, and he considered it, this is a false charge. It's a false charge. So how far are we going to go? It's a charge that can't be proved, arguably. In terms of the inherent power of Judge Bapka, let me give you a hypothetical. Let's suppose the defendant is about to stand trial for the murder of his wife because he was seen going out in the Gulf of Mexico with her in a boat, and he came back by himself, and she's not there. And he had a history of beating her. And on the day of trial, in Watts, Mary Ann, we haven't started picking the jury, she says, here are the scars that he put on me from all the beatings. I'm Mary Ann. Hi, Mary Ann. You're alive. Does the state say, wrack the jury, Judge. Let's take this guy to trial for this murder of his wife. Come on. There has to be a practical nature to a judge's ability to do something about a charge that is obviously conceded. Not that. You just don't have to go to trial in most cases. Now, really, in most cases, the state will go to trial in most cases, and they lose, and there aren't appeals. And that would have been the good way to have this resolved. But now it's here. And the fact that the judge should have done something before the stipulation doesn't change the fact that it is what it is. The state can't, by saying, this should have been shut down way before she conceded this, doesn't mean you don't consider that she conceded. It is what it is. It happened how it happened. And if the court has any questions, I'd be happy to address them. Thank you, Mr. Keene. Mr. Bailey. Thank you, Your Honor. Just in case, I apologize if I said anything to offend the court or anything else. You caught me off guard. I finally had five minutes to take a closer look at this, and I think I have a better response than I did before. If I can, to look at subsection C of the statute again. It states, if the motion presents only an issue of law, the court shall determine that the motion, without the necessity of further pleadings, if the motion alleges facts not of record, the state shall file an answer, admitting or denying each of the factual allegations, and then that segues into subparagraph D. The answer is this. A motion that alleges that the charge does not stay in the defense is an allegation of law, not a fact. In other words, as a matter of law, the charge does not stay in defense and, therefore, dismissal is appropriate. You never get to the second half of that particular subsection C because the motion presents as an issue of law and no further pleadings are necessary or permitted. I believe that's the answer to resolve that particular statute in the context of this case. That's a question of law. There's no allowance for the defendant to challenge the facts of a case in the motion that he submits prior to trial, much as there's not any authority for a court to take up those facts. So we don't ever get to this issue of whether the state has to respond, admit or deny, or get to a hearing to determine the issues as stated in subsection D. So let's suppose that the state is correct and the whole process was wrong by Judge Baskin. What do you think about Mr. Keene's argument that the court should have some inherent authority to do what the court knows is correct? It's not the authority or the role of the court or the defense counsel or anyone to tell the state what they can and can't take the trial to prove. As long as it meets the requirements set forth or put the defendant on notice of what that charge is. We don't want to – I hate slippery slope arguments and I don't usually make them, but I'm going to kind of touch upon that right here. If we start saying that judges have an almost executive authority to review charges based upon representations made by the parties without witnesses, cross-examination, swearing and anything like that, we're treading into territory where there's not really any trials anymore where there's essentially a caesarean thumbs up or down when the state's charged by a judge based upon representations made, extraneous to any presentation of actual evidence at the trial, which is why we have trials. So I agree that courts have a high degree of authority to do things in the court with regards to controlling its docket and things of that nature. However, that authority is not unfettered. And in this situation, the state has the authority to bring what charge it sees appropriate. The state has the obligation to prove a charge beyond a reasonable doubt, and the state can't be challenged on that particular decision unless the charge itself was in state defense. Otherwise, the state's going to have to hold itself to a trial. Justice King presents kind of an extreme example of a murder victim strolling into court. I suppose we could sit here and conjure up all sorts of hypotheticals of that sort of roam wanderer sort of absurdity. I can't imagine a prosecutor proceeding on such a charge. But if we really want to take a very narrow, high-brow look at what this all involves, the state still has a valid charge. Now, it will never prove its case, obviously, because it doesn't have a doubt, but that's the point. The state's going to have to prove this charge. I'm not here to tell you whether I think the state's charge is good or not. I don't care, nor should this court care. That's for the state to do when it has a chance to have a trial. What I'm saying is that the charge on its face states an offense. And so you want us to reinstate this charge? I would ask this charge be reinstated and remanded to the circuit court. What happens after that, I can't tell you what will happen, but based upon what this record is and what this charge shows, it is a valid charge and meets the charging requirements. And I hope I answered your question with regard to sub C a little bit. You really caught me off guard, Your Honor. I apologize. I was kind of like, what are you doing to me? So thank you very much. It's always a stimulating discussion. Thank you. All right. Very interesting and unusual case. Thanks, both of you, for your briefs and arguments. We'll take this matter under advisement and render a decision in due course.